UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY M. PAGE,

          Plaintiff,

v.                                        Case No. 1:20-cv-581

                                         Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant,

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his application for disability insurance benefits (DIB).

Plaintiff filed an application for DIB on February 27, 2017, alleging a disability onset date of January 16, 2013.  PageID.53.  Administrative law judge (ALJ) Michael S. Condon denied plaintiff's previous claim for DIB in a decision entered on July 14, 2016.  For this reason, in the present case, ALJ William G. Reamon found that "the earliest possible date of consideration for the present decision is July 15, 2016."  PageID.53.  Plaintiff identified his disabling conditions as degenerative disc disease, herniated disc, depression, chronic pain, avascular necrosis of the hips, sleep disruption, and anxiety.  PageID.370.  Prior to applying for DIB, plaintiff completed two years of college, had a medical coding degree, and had past employment as a customer service representative and picture framer.  PageID.67, 372.  ALJ Reamon reviewed plaintiff's application de novo and entered a written decision denying benefits on June 21, 2019.  PageID.53-68.  This

1

decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.    LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . .  physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

ALJ Reamon found that plaintiff was not disabled at the fourth step of the evaluation.  At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity from July 15, 2016, through his date last insured of March 31, 2019.  PageID.56.  At the

second step, the ALJ found that through the date last insured, plaintiff had severe impairments of lumbar spine spondylosis, avascular necrosis of the bilateral hips status post bilateral hip replacements, and borderline chronic obstructive pulmonary disease (COPD).  *Id*.  At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.59.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) limited to lifting and/or carrying up to ten pounds, sitting for up to six hours total, and standing and/or walking for up to two hours total in an eight-hour workday.  However, the claimant required the option to alternate sitting and standing as needed throughout the workday. The claimant also required the use of a cane to aid ambulation for distances greater than 100 feet and for traversing uneven terrain.  Furthermore, the claimant could do no operation of leg or foot controls bilaterally. The claimant could only occasionally balance, stoop, crouch, and climb ramps and stairs, and he could never kneel, crawl, or climb ladders, ropes, or scaffolds. Additionally, the claimant could have only occasional exposure to fumes, odors, dusts, gases, and similar pulmonary irritants. The claimant could also have only occasional exposure to extreme cold, vibration, and workplace hazards, including dangerous moving machinery and unprotected heights.

PageID.41.

The ALJ also found that through the date last insured, plaintiff was capable of performing his past relevant work as a customer service representative.  PageID.67.  This work did not require the performance of work-related activities precluded by plaintiff's residual functional capacity (RFC).  *Id*.  Accordingly, ALJ Reamon determined that plaintiff was not under a disability, as defined in the Social Security Act, from July 15, 2016 (the earliest possible date of consideration) through March 31, 2019 (the date last insured).  PageID.67-68.

## III.    DISCUSSION

Plaintiff raised three errors on appeal.

### A. The ALJ's RFC findings are not supported by substantial evidence.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545.  It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).  The ALJ determines the RFC "based on all the relevant medical and other evidence in [the claimant's] case record."  20 C.F.R. § 404.1520(e).  Plaintiff's alleged error involves ALJ Reamon's evaluation of a "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)" prepared by treating physician, John Hunt, D.O., on May 5, 2019.  PageID.943-944.

> **1. The ALJ failed to give proper weight to the findings and opinion of plaintiff's treating physician, John Hunt, D.O., as required by 20 C.F.R. §404.1527(c).**
>
> > **a. The ALJ failed to give Dr. Hunt's opinions proper weight and failed to address Dr. Hunt's opinions using the criteria required in 20 C.F.R. 404.1527(c).**
> >
> > **b. The ALJ failed to provide a sufficient explanation or references to the evidence in support of his decision to give Dr. Hunt's opinions less than controlling weight.**
> >
> > **c. Based on the VE testimony, had the ALJ given proper weight to Dr. Hunt's findings, Plaintiff met his burden of showing he could not have performed his past work or any other work.**
>
> **2. The RFC finding did not include limitations from all Plaintiff's well-documented impairments.**

5

### 3. The ALJ failed to consider Plaintiff's subjective symptoms, including but not limited to pain, as required by 20 C.F.R. 404.1529(c).

Because plaintiff filed his application before March 27, 2017, the "treating physician rule" applies to the ALJ's decision.  *See* 20 C.F.R. § 404.1527.  A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record.  *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2).  Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source.  *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The ALJ addressed Dr. Hunt's opinion as follows:

In May 2019, Dr. Hunt completed a medical source statement form, where he marked pre-generated responses to indicate that the claimant could only lift and carry less than ten pounds, and that he would have non-specific limitations in his abilities to push, pull, and reach overhead.  Dr. Hunt also noted that the claimant could only sit for about two hours, and stand and walk for less than two hours in an eight-hour day.  Dr. Hunt further advised that the claimant would need the ability to shift positions at will between sitting, standing, and walking every five minutes to relieve his discomfort.  Dr. Hunt added that the claimant would require the ability to lie down and recline every two hours.  Furthermore, Dr. Hunt suggested that the

6

claimant could rarely twist or climb stairs, and that he could never bend, stoop, crouch, or climb ladders.  Dr. Hunt also reported that the claimant should avoid concentrated exposure to high humidity, soldering fluxes, and solvents/cleaners, as well as even moderate exposure to temperature extremes, fumes, odors, dusts, gases, and chemicals.  Dr. Hunt concluded that the claimant was likely to be absent from work more than four days per month (Ex. C12F).

I give little weight to Dr. Hunt's opinion because it is inconsistent with the medical evidence and the record as a whole, including the claimant's history of treatment, the objective medical studies, the clinical examination findings, claimant's reported improvement with surgical intervention and appropriate medication usage, and the claimant's reported activities of daily living.  Indeed, Dr. Hunt's opinion is also inconsistent with his own treatment notes, which do not contain sufficient specific narrative statements or clinical examination findings to provide a corroborative basis for the extreme degree of limitation he proposed.  As such, it appears that Dr. Hunt relied quite heavily on the claimant's subjective report of symptoms and limitations, and that he may have uncritically accepted as true most, if not all, of what the claimant reported in formulating his opinion.  Yet, as explained above, there exist good reasons for questioning the consistency of the claimant's subjective complaints, including the claimant's inconsistent statements regarding the nature of his impairments, in which he generally reported more significant symptoms to Dr. Hunt than to his other treating providers, as noted above.

PageID.65-66.

In the Court's opinion, ALJ Reamon's decision fails to give good reasons for discounting Dr. Hunt's opinion.  The ALJ does not provide specific reasons why the doctor's entire opinion is inconsistent with the medical record as a whole.  In this regard, the ALJ noted that through February 2019, plaintiff had a number of medical problems related to his gait, lumbar range of motion, paravertebral spasms, pain and medication side effects, stating:

Dr. Hunt continued to monitor the claimant's symptoms of pain while managing his medication regimen at follow-up appointments through February 2019. At these appointments, Dr. Hunt generally observed that the claimant demonstrated a limping gait, severe restriction of lumbar range of motion, substantial lumbar paravertebral spasms, and pain with straight leg-raise testing (See Ex. C10F). In February 2019, the claimant told Dr. Hunt that his "hips have been good post surgery (with) markedly less pain." However, the claimant reiterated that he was continuing to experience low back pain (Ex. B10F/33). One month later, the claimant reported taking Dilaudid and morphine to treat his symptoms of pain (Ex. C17E). He has noted that these medications cause side effects of drowsiness (Ex.

C1E/8; C9E/6; Hearing Testimony). At his April 2019 hearing, the claimant testified that he was using his cane more frequently (Hearing Testimony; see also Ex. C15E/2).

PageID.63. If adopted, Dr. Hunt's restrictions are significant. The vocational expert testified that these restrictions would preclude full-time employment if applied to a person such as plaintiff. PageID.116-117. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ will be directed to re-evaluate Dr. Hunt's May 5, 2019 opinion.

> **B. The ALJ improperly applied Aquiescence Ruling 98-4(6) in adopting a prior ALJ's RFC findings; and**
>
> **C. The ALJ did not properly apply Aquiescence Ruling 98-4(6).**

These nearly identical claims contend that the ALJ erred with respect to the application of Aquiescence Ruling (AR) 98-4(6), which provides in pertinent part as follows:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-6(4) (footnotes omitted). Here, ALJ Reamon applied AR 98-4(6) to adopt the RFC determined by ALJ Condon in July 2016. PageID.66. Plaintiff contends that the ALJ Reamon's application of AR 98-4(6) was improper for the reasons set forth in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018). Given this Court's conclusion that a sentence four remand is appropriate to re-evaluate Dr. Hunt's opinion, and that this may lead to a different RFC finding, plaintiff's claim that the ALJ Reamon improperly applied AR 98-4(6) is moot. Accordingly, plaintiff's claim of error will be denied.

## IV.    CONCLUSION

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate Dr. Hunt's May 5, 2019 opinion and, if appropriate, adjust plaintiff's RFC. A judgment consistent with this opinion will be issued forthwith.


Dated:  September 28, 2021                              /s/ Ray Kent
                                                       United States Magistrate Judge